UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| CHRISTIAN GONZALEZ, | |
| Petitioner, | 21-CR-0262-1 (RMB) |
| -against- | 23-CV-2026 (RMB) |
| UNITED STATES OF AMERICA, | <u>ORDER</u> |
| Respondent. | |

WHEREAS defendant Christian Gonzalez (the "Defendant") has filed a petition pursuant to 28 U.S.C. § 2255 ("Petition") based on, among other things, allegations of ineffective assistance of counsel (*see* Dkt. No. 124); and

WHEREAS the Government, after reviewing the Petition papers, has concluded that the testimony of the Defendant's former CJA counsel, Glenn Garber, Esq., will be needed in order to allow the Government to respond to the Petition; and

WHEREAS the Court, after reviewing the Petition papers, is satisfied that the testimony of Glenn Garber, Esq. is needed in order to allow the Government to respond to the motion so that the motion can be reviewed by the Court; and

WHEREAS by making the Petition, the Defendant waives the attorney-client privilege as a matter of law, *see United States v. Bilzerian*, 926 F.2d 1285, 1292 (2d Cir. 1991); *Rudaj v. United States*, No. 04 CR. 1110-01 DLC, 2011 WL 2610544, at *3 (S.D.N.Y. June 13, 2011); *Frias v. United States*, No. 01 CR. 0307JFK, 2009 WL 1437797, at *1 (S.D.N.Y. May 20, 2009); and

WHEREAS the Court is cognizant that, absent court order and/or informed consent of the Defendant, ethical concerns may inhibit Mr. Garber from disclosing confidential information relating to a prior client even in the absence of a privilege, *see, e.g.*, ABA Standing Comm. on

Ethics and Prof. Responsibility Formal Op. 10-456 (July 14, 2010), *Disclosure of Information to Prosecutor When Lawyer's Former Client Brings Ineffective Assistance of Counsel Claim,*

IT IS HEREBY ORDERED that the Clerk of Court shall serve upon the Defendant, Christian Gonzalez, a copy of this Order and the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form by United States mail using the following address information: Christian Gonzalez (Reg. No. 45642-509), FCI Otisville, P.O. Box 1000, Otisville, NY 10963. The Defendant shall, if he wishes to continue to pursue his Petition, execute and return to the Clerk of Court for filing within 30 days from the date of this Order (unless extended by the Court) the accompanying "Attorney-Client Privilege Waiver (Informed Consent)" form; and it is further

ORDERED that, within 21 days from the date that the executed "Attorney-Client Privilege Waiver (Informed Consent)" is filed by the Clerk of Court on behalf of the Defendant, Mr. Garber shall give sworn testimony, in the form of a declaration, addressing the allegations of ineffective assistance of counsel made by the Defendant in his Petition.

ORDERED that, within 21 days from the date on which the latter of Mr. Garber's declaration is filed (unless extended by the Court), the Government shall file an answer or other pleadings in response to the Petition. The Defendant shall have 15 days from the date on which he is served with the Government's answer to file a response (unless extended by the Court). Absent further order, the Petition will be considered fully submitted as of that date.

Dated: May 30, 2023  
      New York, New York

                                          RICHARD M. BERMAN  
                                          United States District Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

CHRISTIAN GONZALEZ,

                Petitioner,

-against-

UNITED STATES OF AMERICA,

                Respondent.

21-CR-0262-1 (RMB)

23-CV-2026 (RMB)

**Attorney-Client Privilege Waiver (Informed Consent)**

To: Christian Gonzalez

    You have made a petition pursuant to 28 U.S.C. § 2255 ("Petition") on the ground of, among other things, ineffective assistance of counsel by your former attorney, Glenn Garber, Esq. (*see* Dkt. No. 124). The Court has reviewed your papers and determined that it needs to have sworn testimonial statements from your former attorney, Glenn Garber, to properly evaluate your Petition.

    By making this Petition, you have waived the attorney-client privilege you had with your former attorney to the extent relevant to determining your claims. This means that if you wish to press your claims of ineffective assistance, you cannot keep the communications between yourself and your former attorney a secret—you must allow them to be disclosed to the Government and to the Court pursuant to court order. The Court has already issued an Order ordering your former attorney to give such testimony, in the form of a declaration.

    This Informed Consent form is designed to ensure that you fully understand and agree.

    Specifically, if you wish to proceed with your Petition on the basis that you received ineffective assistance of counsel, you must sign this statement and return it to the Court. The form constitutes your authorization to your former attorney to disclose confidential communications (1) only in response to a court order and (2) only to the extent necessary to shed light on the allegations

of ineffective assistance of counsel that are raised by your Petition.

You should know that if you sign this authorization, you run the risk that your former attorney will contradict your statements about his representation of you. However, you should also know that the Court may deny your Petition if you do not authorize your former attorney to give an affidavit in response to the Court's attached Order.

You must return this form, signed by you and notarized, within thirty (30) days from the date on which you are served with this Order (unless extended by the Court). If the Court does not receive this form, signed by you and notarized, within that time, the Court may deny your Petition.

NOTARIZED AUTHORIZATION

I have read the Court's Order dated May 30, 2023 and this document headed Attorney-Client Privilege Waiver (Informed Consent). I hereby authorize my former attorney, Glenn Garber, Esq., to comply with the Court's Order by giving testimony, in the form ordered by the Court, relating to my Petition pursuant to 28 U.S.C. § 2255 on the ground of ineffective assistance of counsel. This authorization allows my former attorney to testify only pursuant to court order, and only to the extent necessary to shed light on the allegations of ineffective assistance of counsel that are raised by my Petition.

_____  Dated: _____
Christian Gonzalez

Sworn to before me this _____ day of _____, 2023

_____
Notary Public